IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GLOBAL WEATHER PRODUCTIONS, LLC | § § § § |
| Plaintiff, | § § |
| v. | § § Case No: 5:23-cv-01350-JKP-ESC |
| JOE PAGS MEDIA, LLC | § § § |
| Defendant. | § § § § |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
ITS APPLICATION FOR DEFAULT JUDGMENT**

Plaintiff Bee Creek Photography("Plaintiff") respectfully submits this memorandum of law in support of his application for default judgment against defendant Joe Pags Media, LLC ("Defendant") pursuant to Fed.R.Civ.P. 55(b)(2).

## BACKGROUND

Plaintiff's count for copyright infringement, which involves the unauthorized expropriation of of Plaintiff's protected copyrighted work, arises under the Copyright Act, 17 U.S.C. § 101 *et seq.* [Complaint ("Compl.") ¶ 1]  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). [*Id.* at ¶ 8]

**The Parties**

Plaintiff is a professional photography company having a usual place of business in Wyoming.  [Compl. ¶ 5]  Defendant is a domestic limited liability company duly organized and existing under the laws of the State of Texas.  [Compl. ¶ 6]  Defendant owns and operates a commercial website on facebook @JoePags (the "Website") [*Id.*]  This Court has personal jurisdiction over Defendant because Defendant resides and transacts business in Texas. [Compl. ¶

6] Defendant is a company, and therefore not an infant, incompetent, or a military service member [Sanders Declr. ¶ 7]

**The Copyrighted Video**

Plaintiff owns the rights to a video of water rescues on Interstate 30 in downtown Dallas after a flash flooding in August 2022. [Compl. ¶¶ 2] The Video first published on August 22, 2022 and was registered with the Copyright Office on September 1, 2022. [Compl. ¶¶ 14-16]

Plaintiff has complied in all respects with all necessary statutory formalities required to secure a copyright under Title 17, as evidenced by the USCO's issuance of a valid copyright registration certificate, as issued by the registrations. 17 U.S.C. §410(a)

**Defendant's Infringing Activity**

On or about August 23, 2022, Defendant displayed the Video on its Website in connection with the promotion of its services [Compl. ¶¶ 22-23] Defendant did not license the Video from Plaintiff for its use, nor did Defendant have his permission or consent to publish the Video as part of Defendant's commercial Website. [Compl. ¶ 23]

**Plaintiff's Complaint**

On October 25, 2023, Plaintiff brought this action for copyright infringement against Defendant under 17 U.S.C. § 101 *et seq*. [Dkt. No. 1] Plaintiff asserts one count of copyright infringement arising from the unauthorized display of the Video on Defendant's Website. [*Id*. ¶¶ 43-51] Plaintiff's complaint seek statutory damages pursuant to 17 U.S.C. §504(c), plus attorneys' fees and costs pursuant to 17 U.S.C. §505. [*Id.,* Prayer for Relief]

**Defendant's Default**

The basis for entry of default is Defendant's failure to retain licensed counsel to appear and defend this action, despite the fact that Defendant has been served. Accordingly, on March 5, 2024, the Clerk entered a default. [Dkt. No. 9]

## LEGAL STANDARD

"Rule 55 of the Federal Rules of Civil Procedure governs default proceedings." *Neutral Gray Music et al. v. Tri-City Funding & Management LLC*, No. 4:19-cv-04230, 2021 WL 1521592, *1 (S.D. Texas, Houston Div. March 30, 2021) ("*Neutral Gray Music*"). "This involves sequential steps of default, entry of default, and default judgment." *Id.* A default occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *Id.* (citing *New York Life Insurance Co v. Brown*, 84 F3d 137, 141 (5th Cir 1996)). "An entry of default is what the clerk enters when a plaintiff establishes the default by affidavit or otherwise pursuant to Rule 55(a)." *Id.* "A default judgment can thereafter enter against a defendant upon application by a plaintiff pursuant to Rule 55(b)(2)." *Id.*

Except those relating to damages, "[t]he facts alleged by Plaintiff[] in the complaint and supporting affidavits are thus accepted as true." *Neutral Gray Music at *2* (citing *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The decision to enter a judgment by default is discretionary. *Stelax Industries, Ltd v. Donahue*, 2004 WL 733844, *11 (N.D. Tex).

## ARGUMENT

**POINT I:     ENTRY OF DEFAULT IS PROCEDURALLY WARRANTED**

The following factors are pertinent to decision whether default judgment is procedurally appropriate: (1) whether material issues of fact are in dispute; (2) whether there has been

substantial prejudice to the plaintiff; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good-faith mistake or excusable neglect on the defendant's part; (5) whether default judgment is inappropriately harsh under the circumstances; and (6) whether the court would think itself obliged to set aside the default upon motion by the defendant. *Neutral Gray Music* at *3 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (citing Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure 2685).

First, Plaintiff's well-pleaded allegations against Defendant are assumed to be true. *Neutral Gray Music* at *3 (*citing Nishimatsu*, 515 F.2d at 1206). Defendant has failed to appear or otherwise attempt to defend the action and so no material facts are in dispute. *See Innovative Sports Management, Inc. v Martinez*, 2017 WL 6508184, *3 (SD Tex).

Second, Plaintiff has experienced substantial prejudice because Defendant has failed to defend the action, "effectively halting the adversarial process." *Neutral Gray Music at *2* (citing *China International Marine Containers, Ltd v Jiangxi Oxygen Plant Co.*, 2017 WL 6403886, *3 (SD Tex); *Insurance Co of the West v. H&G Contractors, Inc.*, 2011 WL 4738197, *3 (SD Tex)).

Third, on March 5, 2024, the Clerk of Court properly entered default against Defendant pursuant to Rule 55(a) because it did not appear via licensed counsel to defend this action. [Dkt. No. 9]  Default judgment is therefore proper because Defendant has not since answered or otherwise defended even though it knows of the lawsuit. *Neutral Gray Music at *3* (citing *United States v. Padron*, 2017 WL 2060308, *3 (SD Tex); *WB Music Corp v Big Daddy's Entertainment, Inc.*, 2005 WL 2662553, *2 (WD Tex)).

Fourth, nothing suggests that the default by Defendant has been the product of good-faith mistake or excusable neglect. *Neutral Gray Music at *3* (*citing Insurance Co of the West*, 2011

4

WL 4738197 at *3; *Innovative Sports Management*, 2017 WL 6508184 at *3; *Lindsey*, 161 F3d at 893)).

Fifth, nothing suggests that it would be too harsh to enter default judgment against Defendant, who has not taken any steps to retain licensed counsel to formally respond to this suit. *Neutral Gray Music* at *3 (*citing Joe Hand Promotions, Inc. v. 2 Tacos Bar & Grill, LLC*, 2017 WL 373478, *2 (ND Tex)).

Sixth, nothing suggests that a default judgment would be set aside were Defendant to later challenge it. *Neutral Gray Music* at *3 (citing *Insurance Co. of the West*, 2011 WL 4738197 at *3) (citations omitted). Entry of default judgment pursuant to Rule 55(b) is procedurally appropriate. *Neutral Gray Music* at *3.

**POINT II:** **THE SUBSTANTIVE MERITS OF PLAINTIFF'S CLAIM PROVIDES A SUFFICIENT BASIS FOR DEFAULT**

Allegations in the complaint must set forth "a sufficient basis in the pleadings for the judgment entered." *Neutral Gray Music* at *3 (citing *Nishimatsu*, 515 F2d at 1206). This is so because a default judgment is valid "only so far as it is supported by well-pleaded allegations, assumed to be true." *Id.*

To state a claim for copyright infringement under 17 U.S.C. § 501(a), Plaintiff must establish: (1) the subject work is original and that Plaintiff is the owner or author of the work; (2) that she complied with all formalities required to secure a copyright under Title 17; (3) that she is the proprietor of the copyright of the Photograph involved in this action; (4) that the work was displayed publicly; and (5) that Defendant had not received permission from Plaintiff to use the work.  *See Neutral Gray Music* at *3 (citing *Broadcast Music, Inc v Midtown Beverage, LLC*,

5

2013 WL 3554406, *2 (SD Tex) (citing *Fermata International Melodies, Inc. v Champions Golf Club, Inc*, 712 F.Supp 1257, 1259 (SD Tex 1989), aff'd 915 F.2d 1567 (5th Cir. 1990); see also 37 CFR § 202.3(a)(3)).

First, Plaintiff alleges that it owns the copyrights at issue and has provided copies of his valid copyright registrations to the Court. [Compl. ¶¶ 14-18; Sanders Decl., Ex. D]

Second, Plaintiff complied with all statutory formalities to secure the copyright. The Video was registered by the U.S. Copyright Office (the "USCO"). [Compl. ¶ 16; Sanders Decl., Ex. D] Plaintiff complied in all respects with all necessary statutory formalities required to secure a copyright under Title 17, as evidenced by the USCO's issuance of valid copyright registration certificates.

Third, Plaintiff is the owner of the copyright to the Video [Compl. ¶ 18] Moreover, the Registration provides *prima facie* evidence of the first three elements of Plaintiff's infringement claim. *Neutral Gray Music* at *4 (citing *Fermata International Melodies*, 712 F. Supp at 1259 (quotation omitted); *EMI April Music v. Jet Rumeurs, Inc*, 632 F.Supp.2d 619, 622 (ND Tex 2008) (citation omitted)).

Fourth, the Video was published. [Compl. ¶¶ 14, 16] Public display of a video for commercial purposes qualifies as "publication" under section 101 of the Copyright Act. *See Rogers v. Better Bus. Bureau of Metro. Hous., Inc.*, 887 F. Supp. 2d 722, 730 (S.D. Tex. 2012) ("The Copyright Act defines 'publication' as 'the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending.'" (quoting 17 U.S.C. § 101).

Fifth, the complaint alleges that Defendant never obtained authorization from Plaintiff to use the work. [Compl. ¶ 23]

6

Accordingly, the merits of the claims as pleaded in the complaint, and as further supported by the attorney declaration in support of Plaintiff's application for default judgment, and exhibits attached thereto, provide a sufficient basis for entry of default judgment.

**POINT II:**     **THE COURT SHOULD APPROPRIATELY AWARD STATUTORY DAMAGES, PLUS ATTORNEYS' FEES AND COSTS**

Generally, in the default-judgment context, unliquidated damages are not awarded without an evidentiary hearing. Fed. R. Civ. P. 55(b)(2)(B); *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). However, the Rules do not require an evidentiary hearing, and the Court has broad discretion to forego an evidentiary hearing where there is sufficient evidence to render a decision without one. *See James*, 6 F.3d at 310; *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (per curiam) (citations omitted) (holding that in the default judgment context, damages may "be entered without a hearing" if "the amount claimed is a liquidated sum or one capable of mathematical calculation"); *Verch v. White Rock Sec. Group, LLC*, 3:19-CV-01457-S, 2020 WL 4550419, at *3 (N.D. Tex. June 30, 2020), *report and recommendation adopted,* 3:19-CV-01457-S, 2020 WL 4530716 (N.D. Tex. Aug. 6, 2020); *see also Neutral Gray Music* *5 (holding that "court needn't undertake a formal evidentiary hearing where the requested damages can be 'determined with certainty' from the pleadings and supporting documents and a hearing would reveal no pertinent information").

**A.**     **THE COURT SHOULD AWARD $30,000 IN STATUTORY DAMAGES UNDER SECTION 504(C)**

"A copyright owner is entitled to recover either actual or statutory damages." *Neutral Gray Music* *5 (citing 17 U.S.C. § 504(c)(1)). Statutory damages may range between $750 and $30,000 per infringement. *Id.* Courts have wide discretion when awarding damages within those bounds. *Id.* (citing *F.W. Woolworth Co v Contemporary Arts, Inc*, 344 US 228, 231–32

7

(1952)). "But they are guided by the principle that complying with the copyright laws should be less costly than violating them—meaning that statutory damages should be sufficient to deter future copyright infringement." *Id.* (*citing EMI April Music*, 632 F.Supp.2d at 625, citing *Frank Music Co v Metro-Goldwyn-Mayer, Inc*, 886 F2d 1545, 1554 (9th Cir 1989).

"Ultimately, statutory damages are intended not merely for the restitution of profits or reparation of injury, but to deter wrongful conduct." *Future World Elecs., LLC v. Over Drive Mktg., LLC*, No. 3:12-CV-2124-B, 2013 WL 5925089, at *4 (N.D. Tex. Nov. 5, 2013) (citations and quotations omitted); *Mouse On Tha Track LLC v. Parg Mgt. LLC*, 3:18-CV-2980-S-BH, 2019 WL 6970946, at *7 (N.D. Tex. Nov. 13, 2019), *report and recommendation adopted sub nom. Mouse on Tha Track LLC v. PARC Mgt. LLC*, 3:18-CV-2980-S-BH, 2019 WL 6915726 (N.D. Tex. Dec. 18, 2019).

"A defendant can be deemed to have admitted that he acted willfully by virtue of his default." *Nutrition & Fitness, Inc. v. Younus,* No. 3:17-CV-880-K, 2018 WL 4112867, at *3 (N.D. Tex. Aug. 3, 2018), *report and recommendation adopted*, No. 3:17-CV-880-K, 2018 WL 4103730 (N.D. Tex. Aug. 28, 2018) (citing *Neutron Depot, LLC v. Bankrate, Inc.*, No. 2:14-CV-192, 2016 WL 258343, at *4 (S.D. Tex. Jan. 20, 2016) (finding that Defendant's infringement was willful because he was in default). Here, Defendant has failed to appear via counsel to defend the action. For that reason alone, the infringement should be deemed willful.

In terms of calculating the appropriate amount of damages, Plaintiff respectfully submits that within the Fifth Circuit, including within this District, it is common practice on default for district courts to award $30,000 in statutory damages per work without any evidence of license fee history. *See, e.g., Pena v. One Gods Way Media, LLC,* 3:23-cv-01392-D (N.D. Texas, Dkt. No. 13, dated 1/31/24) (awarding $30,000 on default for each copyrighted photography without

proof of licensing fee history); *Trinkhaus v. Nativity Tours and Travel Inc., 4:22-cv-03156* (S.D. Texas, Dkt. No. 17, dated 11/28/23) (awarding $30,000 on default for each copyrighted photography without proof of licensing fee history); *Bee Creek Photography v. J. Rene Walker*, 1:19-cv-62-LY (W.D. Texas, Dkt. No. 21) (awarding $30,000 on default for a single copyrighted work without proof of licensing fee history). Moreover, Courts within the Second Circuit also typically award $30,000 per image on default.[1] The amount of $30,000 is not arbitrary but reflects the maximum statutory amount of $30,000 for *non-willful* infringement. 17 U.C. 504(c).

**B.   THE COURT SHOULD AWARD $1400.00 IN FEES AND $440.00 IN COSTS**

The Copyright Act provides that a court may award costs and reasonable attorneys' fees to a prevailing party. 17 U.S.C. § 505. "[I]n copyright cases the award of attorney's fees is 'the rule rather than the exception and should be awarded routinely.'" *La. Contractors Licensing Serv., Inc. v. Am. Contractors Exam Servs., Inc.*, 594 Fed.Appx. 243, 244 (5th Cir. 2015) (quoting *Micromanipulator Co. v. Bough*, 779 F.2d 255, 259 (5th Cir. 1985)); *McGaughey v. Twentieth Century Fox Film Corp.*, 12 F.3d 62, 65 (5th Cir. 1994); see also *Neutral Gray Music* at *6.

---

[1] *See, e,.g, Nam v. Anonie LLC*, 23-cv-5577 (JGLC) (SDNY 12/18/23) (awarding $30,000 in statutory damages for single photograph without proof of lost licensing fee); *Verch v. Handsome Service, Inc.*, 19-cv-6162 (FB-PK) (E.D.N.Y. 5/18/20) (same); *Bari v. Ocean Gold Media, LLC*, 18-cv-05992 (WFK-SJB) (E.D.N.Y. 2/25/20) (same); *Carmody v. DML News & Entertainment, Inc.*, 18-cv-04893 (WFK-SJB) (E.D.N.Y.10/8/19) (same); *Lanzilote v. The Tempest Media, Inc.*, 19-cv-00477 (JGK) (S.D.N.Y. 6/04/19) (same); *Anderson v. Primera Plana NY, Inc.,* No. 17-CV-7715 (JMF), 2019 WL 1966369, at *1 (S.D.N.Y. May 1, 2019) (same); *Wolman v. Hudson Valley News Network, LLC*, 18-cv—11589 (JSR) (S.D.N.Y. 4/15/19) (same); *Hirsch v. The Dishh, LLC*, 18-cv-9079 (LGS) (S.D.N.Y. 12/10/18) (same); *Myeress v. Brissi Group, LLC*, 17-cv-9691 (KPF) (S.D.N.Y. 6/25/18) (same); *J.C. Rice v. Sutton New Media LLC*, 17-cv-8332 (WHP) (S.D.N.Y. 5/24/18) (same); *Myers v. COED Media Group, LLC*, 18-cv-02180 (JSR) (S.D.N.Y. 5/2/18) (same); *Marzullo v. Karmic Release Ltd.*, 17-cv-7482 (KPF) (S.D.N.Y. 4/24/18) (same); *Zlozower v. Rukkus, Inc.*, 17-cv-09510 (RWS) (S.D.N.Y. 3/28/18) (same); *Chevrestt v. Craft Nation, Inc.,* 17-cv-09232-JSR (S.D.N.Y. 1/8/18) (same); *Lee v. White Cat Media*, 17-cv-8122 (JSR) (S.D.N.Y. 12/13/17) (same); *Miller v. AllHipHop.com LLC*, 16-cv-02744 (RA) (S.D.N.Y. 10/11/16) (same).

9

Section 505 "grants courts wide latitude to award fees based on the totality of circumstances in a case." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016) (citations omitted). When determining whether to award fees under the Copyright Act, courts may consider several nonexclusive factors, including the losing party's "frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence." *Kirtsaeng*, 136 S. Ct. at 1985 (alterations and internal quotation marks omitted); *Crenshaw Media Group LLC v. Davis*, 3:17-CV-2204-N, 2018 WL 3496473, at *3 (N.D. Tex. July 20, 2018); *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 n.19 (1994); *Compaq Computer Corp. v. Ergonome Inc.*, 387 F.3d 403, 412 (5th Cir. 2004). The party seeking attorneys' fees bears the burden of showing the hours expended through adequate records. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995); *Joe Hand Promotions, Inc. v. Bella's B. & Grill LLC*, 1:19-CV-00140, 2020 WL 6585717, at *6 (S.D. Tex. Nov. 9, 2020)

If the court determines that the prevailing party should receive attorney's fees, the court must use the "lodestar" method to determine the reasonableness of the requested fees. *Spear Mktg., Inc. v. Bancorpsouth Bank*, No. 3:12-CV-3583-B, 2016 WL 193586, at *3 (N.D. Tex. Jan. 14, 2016), *aff'd*, 844 F.3d 464 (5th Cir. 2016) (citing *Jimenez v. Wood Cnty., Tex.*, 621 F.3d 372, 380 (5th Cir. 2010)). To determine the lodestar, the court must determine the reasonable number of hours expended by the attorney and the reasonable hourly rate for the attorney. The court then multiplies the number of hours by the hourly rate. *Hacienda Records*, 2019 WL 93306, at *3 (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995)). The lodestar is intended to reflect "the prevailing market rates in the relevant community." *Hacienda Records*, 2019 WL 93306, at *3 (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010)). It

"roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Id.* A reasonable fee is one that is sufficient to induce a capable attorney to undertake the representation of a meritorious case, but is not intended to produce windfalls to attorneys. *Hacienda Records*, 2019 WL 93306, at *3 (citing *Perdue*, 559 U.S. at 552). An attorney's requested hourly rate is prima facie reasonable when he or she requests that the lodestar be computed at his or her customary billing rate, the rate is within the range of prevailing market rates, and the rate is not contested. *Hacienda Records*, 2019 WL 93306, at *3 (citing *Kellstrom*, 50 F.3d at 328).

The first step in computing the lodestar is determining a reasonable hourly rate. The prevailing market rate for similar services by similarly trained and experienced lawyers in the relevant legal community is the established basis for determining a reasonable hourly rate. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). The party seeking fees bears the burden of establishing the market rate and should present the court with evidence from which the court can determine the reasonableness of the proposed rate. *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996); *Geophysical Serv., Inc. v. TGS-NOPEC Geophysical Co.*, CV H-14-1368, 2020 WL 821879, at *8 (S.D. Tex. Feb. 19, 2020), *appeal dismissed,* 20-20168, 2020 WL 5642035 (5th Cir. July 16, 2020)

Here, Plaintiff seeks $1400.00 in attorneys' fees and $440.00 in costs under 17 U.S.C. § 505. The hourly rate of plaintiff's counsel Craig Sanders for the prosecution of copyright infringement matters is $700 per hour, which is approximate to the range of hourly billing for similarly experienced partners in the intellectual property field within this Circuit. *Virtual Chart Sols. I, Inc. v. Meredith*, No. 4:17CV546, 2020 WL 1902530, at *20 (E.D. Tex. Jan. 13, 2020),

*report and recommendation adopted,* No. 4:17CV546, 2020 WL 896674 (E.D. Tex. Feb. 25, 2020) (finding hourly rate of $595.00 to be appropriate for partners). [Sanders Declr. ¶ 18]

As per paragraph 23 of his declaration, Mr. Sanders received his Juris Doctor (J.D.) from the University of Pennsylvania Law School in 1993 and he is a founding partner in the law firms of Sanders Law, PLLC, and Barshay Sanders, PLLC and was admitted to practice law in Florida in 1993 and New York in 1994. In addition to New York and Florida, he is currently admitted to practice law in the states of California, Utah, Colorado, Maryland, Washington and New Jersey. He is also admitted to practice law in the Federal Courts of, California (all four Districts), Colorado, Florida (all three Districts), Illinois (all three Districts as a lead trial attorney), Indiana (both Districts), Maryland, New York (all four Districts), Texas (all four Districts), Utah, Wisconsin (both Districts) and New Jersey. In addition to my District Court admissions, he is also admitted to the Second, Third, Fifth, Ninth, and Tenth Circuit Courts of Appeal and has argued appeals in each of these circuits. Finally, Mr. Sanders is also admitted in the United States Supreme Court and has submitted writs and briefs thereto. He is in good standing in the above-referenced courts and has never been disciplined by any bar. During the course of his thirty (30) year professional career, he has focused focused on Federal Litigation, primarily involving civil litigation matters with a heavy focus on intellectual property matters including copyright and trademark. [Sanders Declr. ¶ 23] Mr. Sanders billed a total of $1400.00. [Sanders Declr. ¶ 24]

With respect to costs, the Supreme Court has indicated that courts may only award costs that are articulated in § 1920 absent explicit statutory or contractual authorization to the contrary. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 444–45 (1987); *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001). Here, that "explicit statutory authority" is found in 17 U.S.C. § 505, which specifically applies to copyright cases. *Guzman v.*

*Hacienda Records*, 2015 WL 4920058, at *1 (S.D. Tex. Aug. 18, 2015) (citing *Susan Wakeen Doll Co. v. Ashton Drake Galleries*, 272 F.3d 441, 458 (7th Cir. 2001) ("[A]ny award of fees and non-taxable costs must come through [section 505], and not through the general cost provisions of 28 U.S.C. § 1920.")).

The Court should award a total of $440 in costs, which consists of the $400 filing fee and $40 service fee.

With respect to post-judgment interest, 28 U.S.C. §1961(a) provides, "Interest shall be allowed on any money judgment in a civil case recovered in a district court." Neutral Gray Music at * 6. District courts lack discretion to deny such interest on monetary judgments. *Id.* (citing *Joy Pipe, USA, LP v. ISMT Ltd.*, 703 F.App'x 253, 259 (5th Cir. 2017), citing *Meaux Surface Protection, Inc v Fogleman*, 607 F.3d 161, 173 (5th Cir 2010). As such, post-judgment interest should also be awarded.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully submits that the Court should enter default judgment against Defendant and award $30,000.00 in statutory damages, $1400.00 in attorneys' fees and $440.00 in costs, plus post-judgment interest.

Dated:   Uniondale, New York
        May 10, 2024

Respectfully submitted:

**SANDERS LAW GROUP**

By:   /s *Craig B. Sanders*
Craig B. Sanders, Esq.
333 Earle Ovington Blvd., Ste. 402
Uniondale, New York 11553
Email: csanders@sanderslaw.group
Tel: (516) 203-7600
Fax: (516) 282-7878

*Attorneys for Plaintiff*