IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GLOBAL WEATHER PRODUCTIONS, LLC | § § § § § § § § § § § § § |
| Plaintiff, | |
| v. | Case No: 5:23-cv-01350-JKP-ESC |
| JOE PAGS MEDIA, LLC | |
| Defendant. | |

### DECLARATION OF CRAIG B. SANDERS

I, CRAIG B. SANDERS, hereby swear under the penalty of perjury that the following is true and correct to the best of my personal knowledge:

1. I am lead counsel for plaintiff Global Weather Productions, LLC ("Plaintiff") and am duly admitted to practice law in this District.

2. I submit this declaration in support of Plaintiff's application for entry of default judgment against defendant Joe Pags Media, LLC ("Defendant") pursuant to Fed.R.Civ.P. 55(b).

3. Plaintiff's count for copyright infringement, which involves the unauthorized expropriation of Plaintiff's copyrighted video, arises under the Copyright Act, 17 U.S.C. § 101 et seq. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because Defendant resides and transacts business in Texas.

5. Defendant is a limited liability company organized under the laws of the State of Texas with a place of business within this judicial district. The principal address of Defendant is 287 Coyote Trail, Spring Branch, TX 78070.

6. As per the Proof of Service at Dkt. No. 7, the summons and complaint were served on Defendant on January 18, 2024.

7. Defendant is a company, and therefore not an infant, incompetent, or a military service member.

8. The basis for entry of default is Defendant's failure to retain licensed counsel to appear and defend this action.

9. Plaintiff's copyright infringement claim qualifies for statutory damages under 17 U.S.C. § 504(c) because the video was registered on September 1, 2022, which was within three months of the date of the initial publication of the video. *See* 17 U.S.C. § 412.

10. Generally, in the default-judgment context, unliquidated damages are not awarded without an evidentiary hearing. Fed. R. Civ. P. 55(b)(2)(B); *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). However, the Rules do not require an evidentiary hearing, and the Court has broad discretion to forego an evidentiary hearing where there is sufficient evidence to render a decision without one. *See James*, 6 F.3d at 310; *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (per curiam) (citations omitted) (holding that in the default judgment context, damages may "be entered without a hearing" if "the amount claimed is a liquidated sum or one capable of mathematical calculation"); *Verch v. White Rock Sec. Group, LLC*, 3:19-CV-01457-S, 2020 WL 4550419, at *3 (N.D. Tex. June 30, 2020), *report and recommendation adopted,* 3:19-CV-01457-S, 2020 WL 4530716 (N.D. Tex. Aug. 6, 2020)

11. For violation of 17 U.S.C. § 501, Plaintiff seeks $30,000.00 in statutory damages for willful copyright infringement. *See* accompanying Memorandum of Law.

12. "The Copyright Act prohibits infringement by '[a]nyone who violates any of the exclusive rights of the copyright owner.'" *Prostar v. Massachi*, 239 F.3d 669, 677 (5th Cir. 2001)

(citing 17 U.S.C. § 501(a)). To succeed on a claim that these rights have been infringed, a plaintiff must generally demonstrate two elements: (1) ownership of a valid copyright, and (2) that a defendant violated one or more of the plaintiff's exclusive rights under the copyright. *Avtec Sys., Inc. v. Peiffer*, 21 F.3d 568, 571 (5th Cir. 1994); *Microsoft Corp. v. Software Wholesale Club, Inc.*, 129 F. Supp. 2d 995, 1001–02 (S.D. Tex. 2000). "Ownership of a valid copyright is established by proving the originality and copyrightability of the material and compliance with the statutory formalities." *Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995). A copyright registration certificate is prima facie evidence of copyright validity. *Id.*; 17 U.S.C. § 410(c).

13. Upon a showing of validity, a copyright owner establishes infringement by demonstrating that one of its rights under 17 U.S.C. § 106 has been violated. *Id.* at § 501(a); *Avtec Sys.*, 21 F.3d 571. Copyright infringement is a strict liability offense, requiring no intent to infringe. *Buck v. Jewell–LaSalle Realty Co.*, 283 U.S. 191, 198 (1931); *Chavez v. Arte Publico Press*, 204 F.3d 601, 607 (5th Cir. 2000); *see also Fed'n of State Massage Therapy Boards v. Mendez Master Training Ctr., Inc.*, 393 F. Supp. 3d 557, 573 (S.D. Tex. 2019) ("Copyright infringement is a strict liability tort and plaintiffs do not need to prove a defendant's mental state to prosecute a claim."); *Microsoft Corp.*, 129 F. Supp. 2d at 1002 ("Neither lack of knowledge nor intent is a defense to a claim of copyright infringement."). An infringement is "willful" if the infringer "knows his actions constitute an infringement." *Broad. Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233, 236 (5th Cir. 1988).

14. "At the plaintiff's election, Section 504 of the Copyright Act allows the Court to assess statutory damages for each work for which the copyright has been infringed, in a 'sum of not less than $750 or more than $30,000 as the court considers just,' 17 U.S.C. § 504(c)(1),

without requiring a plaintiff to make a showing of profit by the defendant or loss by the plaintiff as a result of the infringing activity." The Copyright Act provides district courts wide discretion in awarding damages in a copyright case—within those limits set by the statute. *Capitol Records, Inc. v. Lyons*, No. CIV.A.3:03-CV-2018-L, 2004 WL 1732324, at *7 (N.D. Tex. Aug. 2, 2004) (citing *Golden Torch Music Corp. v. Lichelle's Inc.*, Civ.A. No. W-86-CA-005, 1987 WL 14543, at *4 (W.D. Tex. Jan. 26, 1987)). "Ultimately, statutory damages are intended not merely for the restitution of profits or reparation of injury, but to deter wrongful conduct." *Future World Elecs., LLC v. Over Drive Mktg., LLC*, No. 3:12-CV-2124-B, 2013 WL 5925089, at *4 (N.D. Tex. Nov. 5, 2013) (citations and quotations omitted); *Mouse On Tha Track LLC v. Parg Mgt. LLC*, 3:18-CV-2980-S-BH, 2019 WL 6970946, at *7 (N.D. Tex. Nov. 13, 2019), *report and recommendation adopted sub nom. Mouse on Tha Track LLC v. PARC Mgt. LLC*, 3:18-CV-2980-S-BH, 2019 WL 6915726 (N.D. Tex. Dec. 18, 2019)

15.     Thus, even if evidence of Plaintiff's actual losses is available, there is no requirement that Plaintiff produce such evidence after electing to recover statutory damages. "Under the current [Copyright] Act, the copyright owner may elect to recover statutory damages, instead of actual damages and defendant's profits. He may, moreover, make such an election regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits, and *even if he has intentionally declined to offer such evidence, although it was available*." 4 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 14.04[A] (2009 ed.) (emphasis added).

16.     The willful nature of Defendant's actions warrants an award of statutory damages in the amount of $30,000 per work for copyright infringement is reasonable, consistent with the statute and sufficient to deter future infringement. *Mouse On Tha Track LLC v. Parg Mgt. LLC*,

3:18-CV-2980-S-BH, 2019 WL 6970946, at *7 (N.D. Tex. Nov. 13, 2019), *report and recommendation adopted sub nom. Mouse on Tha Track LLC v. PARC Mgt. LLC*, 3:18-CV-2980-S-BH, 2019 WL 6915726 (N.D. Tex. Dec. 18, 2019).

17. The Copyright Act provides that a court may award costs and reasonable attorneys' fees to a prevailing party. 17 U.S.C. § 505. "[I]n copyright cases the award of attorney's fees is 'the rule rather than the exception and should be awarded routinely.'" *La. Contractors Licensing Serv., Inc. v. Am. Contractors Exam Servs., Inc.*, 594 Fed.Appx. 243, 244 (5th Cir. 2015) (quoting *Micromanipulator Co. v. Bough*, 779 F.2d 255, 259 (5th Cir. 1985)); *McGaughey v. Twentieth Century Fox Film Corp.*, 12 F.3d 62, 65 (5th Cir. 1994).

18. Section 505 "grants courts wide latitude to award fees based on the totality of circumstances in a case." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016) (citations omitted). When determining whether to award fees under the Copyright Act, courts may consider several nonexclusive factors, including the losing party's "frivolousness, motivation, objective unreasonableness, and the need in particular circumstances to advance considerations of compensation and deterrence." *Kirtsaeng*, 136 S. Ct. at 1985 (alterations and internal quotation marks omitted); *Crenshaw Media Group LLC v. Davis*, 3:17-CV-2204-N, 2018 WL 3496473, at *3 (N.D. Tex. July 20, 2018); *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 n.19 (1994); *Compaq Computer Corp. v. Ergonome Inc.*, 387 F.3d 403, 412 (5th Cir. 2004). The party seeking attorneys' fees bears the burden of showing the hours expended through adequate records. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995); *Joe Hand Promotions, Inc. v. Bella's B. & Grill LLC*, 1:19-CV-00140, 2020 WL 6585717, at *6 (S.D. Tex. Nov. 9, 2020)

19. Plaintiff seeks $1400.00 in attorneys' fees and $440.00 in costs under 17 U.S.C. § 505.

20. If the court determines that the prevailing party should receive attorney's fees, the court must use the "lodestar" method to determine the reasonableness of the requested fees. *Spear Mktg., Inc. v. Bancorpsouth Bank*, No. 3:12-CV-3583-B, 2016 WL 193586, at *3 (N.D. Tex. Jan. 14, 2016), *aff'd*, 844 F.3d 464 (5th Cir. 2016) (citing *Jimenez v. Wood Cnty., Tex.*, 621 F.3d 372, 380 (5th Cir. 2010)). To determine the lodestar, the court must determine the reasonable number of hours expended by the attorney and the reasonable hourly rate for the attorney. The court then multiplies the number of hours by the hourly rate. *Hacienda Records*, 2019 WL 93306, at *3 (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995)). The lodestar is intended to reflect "the prevailing market rates in the relevant community." *Hacienda Records*, 2019 WL 93306, at *3 (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010)). It "roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Id*. A reasonable fee is one that is sufficient to induce a capable attorney to undertake the representation of a meritorious case, but is not intended to produce windfalls to attorneys. *Hacienda Records*, 2019 WL 93306, at *3 (citing *Perdue*, 559 U.S. at 552). An attorney's requested hourly rate is prima facie reasonable when he or she requests that the lodestar be computed at his or her customary billing rate, the rate is within the range of prevailing market rates, and the rate is not contested. *Hacienda Records*, 2019 WL 93306, at *3 (citing *Kellstrom*, 50 F.3d at 328).

21. The first step in computing the lodestar is determining a reasonable hourly rate. The prevailing market rate for similar services by similarly trained and experienced lawyers in the relevant legal community is the established basis for determining a reasonable hourly rate. *Tollett*

*v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). The party seeking fees bears the burden of establishing the market rate and should present the court with evidence from which the court can determine the reasonableness of the proposed rate. *dismissed,* 20-20168, 2020 WL 5642035 (5th Cir. July 16, 2020)

22. My hourly rate for the prosecution of copyright infringement matters is $700.00 per hour which is well within the range of hourly billing for similarly experienced attorneys according with the Report of the Economic Survey (2017) for the American Intellectual Property Law Association as well as the rates set forth in the Laffey Matrix chart of hourly rates for attorneys and paralegals in the Washington, D.C. area that was prepared by the United States Attorney's Office to be used in fee-shifting cases.

23. By way of background, I received my Juris Doctor (J.D.) from the University of Pennsylvania Law School in 1993 and am a founding partner in the law firms of Sanders Law, PLLC, and Barshay Sanders, PLLC. I was admitted to practice law in Florida in 1993 and New York in 1994. In addition to New York and Florida, I am currently admitted to practice law in the states of California, Utah, Colorado, Maryland, Washington and New Jersey. I am also admitted to practice law in the Federal Courts of, California (all four Districts), Colorado, Florida (all three Districts), Illinois (all three Districts as a lead trial attorney), Indiana (both Districts), Maryland, New York (all four Districts), Texas (all four Districts), Utah, Wisconsin (both Districts) and New Jersey. In addition to my District Court admissions, I am also admitted to the Second, Third, Fifth, Ninth, and Tenth Circuit Courts of Appeal sand have argued appeals in each of these circuits. Finally, I am also admitted in the United States Supreme Court and have submitted writs and briefs thereto. I am in good standing in the above-referenced courts and have never been disciplined by any bar. During the course of my thirty (30) year professional career, I have

focused on Federal Litigation, primarily involving civil litigation matters with a heavy focus on intellectual property matters including copyright and trademark.

24. The party seeking attorney's fees bears the initial burden of submitting adequate documentation of the hours expended and the hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933 (1983). I have billed for the review of the file and the preparation of this motion for default.

| Date | Description of Services | Time | Total |
|---|---|---|---|
| 10/25/23 | Review and drafting of complaint | 0.8 | $560.00 |
| 3/5/24 | Review request for Clerk's entry of default | 0.1 | $70.00 |
| 5/10/24 | Draft application for default judgment, including attorney declaration | 1.1 | $770.00 |
| Total | | 2.0 | $1400.00 |

25. The Supreme Court has indicated that courts may only award costs that are articulated in § 1920 absent explicit statutory or contractual authorization to the contrary. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 444–45 (1987); *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001). Here, that "explicit statutory authority" is found in 17 U.S.C. § 505, which specifically applies to copyright cases. *Guzman v. Hacienda Records*, 2015 WL 4920058, at *1 (S.D. Tex. Aug. 18, 2015) (citing *Susan Wakeen Doll Co. v. Ashton Drake Galleries*, 272 F.3d 441, 458 (7th Cir. 2001) ("[A]ny award of fees and non-taxable costs must come through [section 505], and not through the general cost provisions of 28 U.S.C. § 1920."))

| Date | Description | Total |
|---|---|---|
| 10/25/23 | Court filing fee | $400.00 |
| 1/18/24 | Personal service fee | $40.00 |
| **TOTAL** | | **$440.00** |

26. No part of the Judgment sought has been paid, other than as indicated in the present motion.

27. A true and correct copy of the operative complaint is attached hereto as <u>Exhibit A.</u>

28. A true and correct copy of the Proof of Service is attached hereto as <u>Exhibit B.</u>

29. A true and correct copy of the Clerk's Entry of Default is attached hereto as <u>Exhibit C.</u>

30. A true and correct copy of the applicable U.S. copyright registration certificate is attached hereto as <u>Exhibit D.</u>

Dated:  Uniondale, New York
        May 10, 2024

**SANDERS LAW GROUP**

By: <u>  /s *Craig B. Sanders*  </u>
Craig B. Sanders, Esq.
333 Earle Ovington Blvd, Ste. 402
Uniondale, New York 11553
Email: csanders@barshaysanders.com
Tel: (516) 203-7600
Fax: (516) 282-7878
Our File No: 121486

*Attorneys for Plaintiff*