UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
(SAN ANTONIO DIVISION)

| | |
|---|---|
| GLOBAL WEATHER PRODUCTIONS, LLC<br><br>*Plaintiff*,<br><br>v.<br><br>JOE PAGS MEDIA, LLC;<br>MCLAUGHLIN MEDIA MANAGEMENT LLC D/B/A M3 MEDIA MANAGEMENT<br><br>*Defendants*. | Case No: 5:23-cv-1350-JKP-ESC |

## SECOND AMENDED COMPLAINT

Plaintiff Global Weather Productions, LLC ("*Plaintiff*"), by and through its undersigned counsel, for its Second Amended Complaint against defendants Joe Pags Media, LLC ("Joe Pags") and McLaughlin Media Management LLC d/b/a M3 Media Management ("M3 Media") (collectively, "*Defendants*") states and alleges as follows:

### INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. Via written assignment, Plaintiff obtained the copyright to a video of water rescues on Interstate 30 in downtown Dallas after a flash flooding in August 2022 (the "*Video*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant Joe Pags owns and controls a social media account on Facebook known as @Joe Pags *("FB Account")*.

4. Upon information and belief, in October 2021, Defendant M3 Media contracted with Joe Pags to provide web management and/or marketing services in this jurisdiction and at relevant times participated in the operations of the FB Account.

5. Defendants, without permission or authorization from Plaintiff, actively copied

1

and/or displayed the Video on the FB Account, and financially benefitted therefrom, and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

6. Plaintiff Global Weather Productions, LLC is a Wyoming limited liability company with a principal place of business in Sheridan, Wyoming.

7. Upon information and belief, Defendant Joe Pags Media, LLC is a domestic limited liability company with a principal place of business at 287 Coyote Trail, Spring Branch in Comal County, Texas.

8. Upon information and belief, Defendant McLaughlin Media Management LLC d/b/a M3 Media Management is a foreign limited liability company with a principal place of business at 125 W. 55th St., New York, New York 10019.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10. This Court has personal jurisdiction over Joe Pags because it maintains its principal place of business in Texas.

11. This Court has personal jurisdiction over M3 Media because, upon information and belief, it has engaged in continuous and systematic activity in the State of Texas, including but not limited to entering into a services contract with Joe Pags in the State of Texas to provide web management services for the material benefit of Joe Pags, a Texas company.

12. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendants do business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.** **Plaintiff's Copyright Ownership**

13. Third party Michael Brandon Clement ("Clement") is a professional videographer by trade who is the legal and rightful owner of certain videos which he commercially licenses.

14. Clement has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of his videos while many others are the subject of pending copyright applications.

15. Clement's videos are original, creative works in which he owns protectable copyright interests.

16. On or about August 22, 2022, Clement first published the Video, which has a duration of three minutes and seven seconds, via YouTube at URL: https://www.youtube.com/watch?v=rhR-R-cgAXA.  A copy of a screengrab from the Video for reference is attached hereto as Exhibit 1. Further, a full copy of the Video shall be provided to the Court and Defendant by email.

17. In creating the Video, Clement personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image. Clement also selected the subject matter and all of the cinematic elements in the Video.

18. On September 1, 2022, the Video was registered by the USCO under Registration No. PA 2-374-324 (the "324 Registration").

19. Clement created the Video with the intention of it being used commercially and for the purpose of news reporting and documentation of a weather-related event in the Dallas area.

20. On June 4, 2023, subsequent to the effective date of the 324 Registration, Clement assigned all rights, titles and interests in the copyright to the Video to Plaintiff by a written assignment agreement, including the right to bring this lawsuit.

21. Plaintiff obtained the copyright to the Video with the intention of it being used commercially and for the purpose of news reporting and documentation of a weather-related event in the Dallas area.

B. **Defendants' Infringing Activity**

22. Joe Pags operates in the commercial news reporting industry, where the exploitation of copyrighted materials is prevalent.

23. The FB Account is a part of and used to advance Joe Pags' commercial enterprise.

24. Joe Pags has access to post content to its FB Account and, upon information and belief, controls which entities and/or individuals have access to post content to the FB Account.

25. The FB Account is monetized in that it promotes Joe Pags' talk show and media business and, upon information and belief, Joe Pags profits from these activities.

26. Upon information and belief, in October 2021, Joe Pags entered into a written contract with M3 Media in the State of Texas which provided, in relevant part, that M3 Media would participate in the operation of the FB Account, among other digital assets controlled by Joe Pags. Pursuant to that Agreement, Joe Pags would "have full access to the website during the term of this agreement with unlimited rights to post news and opinion to the site as they deem appropriate." Furthermore, by the express terms of that Agreement, M3 did not assume "any claim, license or other control over any of the intellectual property of Joe Pags including, but not limited to, the domain name, website, and web content hosted on behalf of those entities..."

27. Upon information and belief, on or about August 23, 2022, Defendant Joe Pags displayed a substantial portion of the Video, about 59 seconds in duration, on the FB Account as part of an on-line post at URL: https://www.facebook.com/watch/?v=429869679171943. A copy of a screengrab of the Account including a still frame from the Video is attached hereto for reference purposes as Exhibit 2.

28. In the alternative, upon information and belief, on or about August 23, 2022, Defendant M3 Media displayed a substantial portion of the Video on the FB Account.

29. Without permission or authorization from Plaintiff, upon information and belief, Defendant Joe Pags volitionally copied and/or displayed a substantial portion of Plaintiff's copyright protected Video on the FB Account.

30. In the alternative, without permission or authorization from Plaintiff, upon information and belief, Defendant M3 Media volitionally copied and/or displayed a substantial portion of Plaintiff's copyright protected Video on the FB Account.

31. Plaintiff first observed and discovered the Infringement on August 24, 2022.

32. Upon information and belief, a substantial portion of the Video was copied and displayed by Defendants without license or permission, thereby infringing on Plaintiff's copyrights in and to the Video (hereinafter all of the unauthorized uses set forth above are

referred to as the "*Infringement*").

33. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5).*

34. The Infringement is an exact copy of a substantial portion of Plaintiff's copyrighted Video that was directly copied and displayed by Defendant Joe Pags and/or M3 Media on the FB Account.

35. Upon information and belief, Defendant Joe Pags takes an active and pervasive role in the content posted on its FB Account, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Video.

36. Upon information and belief, Defendant M3 Media takes an active and pervasive role in the content posted on its FB Account, including, but not limited to copying, posting, selecting, commenting on and/or displaying images including but not limited to Plaintiff's Video.

37. Upon information and belief, the Video was willfully and volitionally posted to the FB Account by Defendant Joe Pags.

38. In the alternative, upon information and belief, the Video was willfully and volitionally posted to the FB Account by Defendant M3 Media.

39. Upon information and belief, Defendant Joe Pags was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant Joe Pags cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant Joe Pags.

40. Upon information and belief, Defendants engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

41. Upon information and belief, Defendant Joe Pags had the legal right and ability to control and limit the infringing activities on its FB Account and exercised and/or had the right

5

and ability to exercise such right.

42. Upon information and belief, Defendant Joe Pags monitors the content on its FB Account.

43. Upon information and belief, Defendant M3 Media monitors the content on the FB Account.

44. Upon information and belief, Defendant Joe Pags has received a financial benefit directly attributable to the Infringement.

45. Upon information and belief, the Infringement increased traffic to the FB Account and, in turn, caused Defendant Joe Pags to realize an increase in its advertising revenues and/or merchandise sales.

46. Upon information and belief, a large number of people have viewed the unlawful copies of the Video on the FB Account.

47. Upon information and belief, Defendant Joe Pags at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

48. Defendants' use of the Video harmed the actual market for the Video.

49. Defendants' use of the Video, if widespread, would harm Plaintiff's potential market for the Video.

50. As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

### FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*
*[Against Defendants Joe Pags and/or M3 Media]*

51. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

52. The Video is an original, creative work in which Plaintiff owns a valid copyright.

53. The Video is properly registered with the USCO and in compliance with all statutory formalities under the Copyright Act and under regulations published by the USCO.

54. Plaintiff has not granted Defendants a license or the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendants.

55. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant Joe Pags and/or Defendant M3 Media improperly and illegally copied, reproduced, distributed, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

56. Defendants' reproduction of the Video and display of the Video constitutes willful copyright infringement.

57. Upon information and belief, Defendant Joe Pags and/or Defendant M3 Media willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that Defendants, jointly or severally, used, published, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Video without Plaintiff's consent or authority, by using it on the FB Account.

58. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against pursuant to 17 U.S.C. § 504(c).

59. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendants, jointly and severally.

60. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

**SECOND COUNT**
*(Contributory Copyright Infringement)*
*[Against Defendant Joe Pags]*

61. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

62. Defendant Joe Pags herein has caused, enabled, facilitated and materially

contributed to the Infringement by providing the tools and instruction for the Infringement via the FB Account.

63. Defendant Joe Pags has directly and indirectly promoted the Infringement and refused to exercise its ability to stop the Infringement made possible by its distribution.

64. At relevant times, Defendant Joe Pags had a continuing contractual relationship with M3 Media which enabled M3 Media to participate in or cause the Infringement and, thus, Defendant Joe Pags' actions substantially contributed to the infringing activity by granting M3 Media access to the FB Account to post copyrighted content, including the Video.

65. Defendant Joe Pags' actions show a relationship to the infringing activity beyond just mere operation of a website business.

66. Defendant Joe Pags is liable as a contributory infringer since, upon information and belief, it had actual and/or constructive knowledge of M3 Media's infringing conduct and induced, caused and/or materially contributed to that conduct by failing to ensure that M3 media had the proper licenses to publish copyrighted content on the FB Account.

67. Defendant Joe Pags' conduct and contributory infringement is and has been willful, intentional, purposeful, and in disregard of the rights of Plaintiff, and has caused substantial damage to Plaintiff.

68. Upon information and belief, Defendant Joe Pags willfully contributorily infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code.

69. As a result of Defendant Joe Pags' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant Joe Pags' profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant Joe Pags for each infringement pursuant to 17 U.S.C. § 504(c).

70. As a result of the Defendant Joe Pags' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant Joe Pags.

71. As a result of Defendant Joe Pags' violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright

pursuant to 17 U.S.C. § 502.

## THIRD COUNT
### *(Vicarious Copyright Infringement)*
### *[Against Defendant Joe Pags]*

72. Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

73. Upon information and belief, at all material times hereto, Defendant Joe Pags had the right and ability to supervise and/or control the infringing conduct of its Employees, Agents, Affiliates, Vendors and/or members, and declined to exercise the right and ability to supervise or control that infringing conduct, despite its legal right to stop or limit the directly infringing conduct as well as the practicable ability to do so.

74. As a direct and proximate result of such refusal to exercise its right to stop or limit the infringing conduct, Defendant Joe Pags has continued to infringe upon Plaintiff's Video, which in turn generates profits for Defendant Joe Pags directly from the use of the Infringement.

75. Upon information and belief, Defendant Joe Pags enjoyed a direct financial benefit from the Infringement from, *inter alia*, advertising revenue from the increased traffic to its FB Account and from increase in fees paid by advertisers and sponsors.

76. Upon information and belief, in the alternative, Defendant Joe Pags receives a material and/or financial benefit from operating the FB Account as it promotes Joe Pags' corporate services and brandname.

77. Upon information and belief, Defendant Joe Pags enjoyed a directed financial benefit from using the appeal or "draw" of Plaintiff's Video to increase user traffic to the FB Account, thereby increasing advertising or other revenue, and/or by increasing Joe Pags' customer base.

78. Defendant Joe Pags is liable as a vicarious infringer since it profited from the Infringement while declining to exercise a right to stop or limit it.

79. Upon information and belief, Defendant Joe Pags willfully vicariously infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code.

9

80. As a result of Defendant Joe Pags' violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant Joe Pags' profits attributable to the Infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant Joe Pags for each work infringed pursuant to 17 U.S.C. § 504(c).

81. As a result of the Defendant Joe Pags violations of Title 17 of the U.S. Code, the court in its discretion may award Plaintiff the recovery of its reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

82. As a result of Defendant Joe Pags' violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of its copyrights pursuant to 17 U.S.C. § 502.

## JURY DEMAND

83. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendants have infringed on Plaintiff's rights to the Video in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a. finding that Defendant Joe Pags and/or M3 Media directly infringed Plaintiff's copyright interest in and to the Video by copying and displaying a substantial portion of the Video without a license or consent;

b. finding that Defendant Joe Pags vicariously and/or contributorily infringed Plaintiff's copyright interest in and to the Video by copying and displaying a substantial portion of the Video without a license or consent;

c. for an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an

    d. award for statutory damages against each Defendant jointly and severally for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    e. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

    f. for costs of litigation and reasonable attorney's fees against Defendants, jointly and severally, pursuant to 17 U.S.C. § 505;

    g. for pre-judgment interest as permitted by law; and

    h. for any other relief the Court deems just and proper.

DATED: August 5, 2024

                               **SANDERS LAW GROUP**

                               By: */s/ Craig Sanders*
                               Craig Sanders, Esq.
                               333 Earle Ovington Blvd, Suite 402
                               Uniondale, NY 11553
                               Tel: (516) 203-7600
                               csanders@sanderslaw.group
                               File No.: 126914

                               *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Second Amended Complaint was served via CM/ECF on August 5, 2024 on all counsel of a record

s/ *James H. Freeman* /
James H. Freeman
