# McHale & Slavin, P.A.
### ATTORNEYS AT LAW

U.S. & INTERNATIONAL PATENTS, TRADEMARKS, COPYRIGHTS,
RELATED LICENSING & LITIGATION

2855 PGA BOULEVARD
PALM BEACH GARDENS • FLORIDA • 33410-2910
TELEPHONE (561) 625-6575    FACSIMILE (561) 625-6572
palmbeach@mchaleslavin.com

July 22, 2024

**DEFENDANT'S EXHIBIT A**

<u>Via Email</u>
James H. Freeman
Craig Sanders
Sanders Law Group
333 Earle Ovington Blvd., Suite 402
Uniondale, NY 11553

   Re: *Global Weather Productions, LLC v. Joe Pags Media, LLC et al.*
      Case No. 23-cv-1350-JKP-ESC (W.D. Tex.)

Counsel:

  We write pursuant to Judge Pulliam's individual rules to confer about our anticipated motion to dismiss, which will include a request for dismissal pursuant to Rule 12(b)(6), Fed. R. Civ. P. Having reviewed the Amended Complaint (Dkt. No. 18), there are critical deficiencies which require dismissal if not corrected through an amended pleading.

### The Amended Complaint Fails to State a Claim for Direct Copyright Infringement (Count I)

  First, the Amended Complaint fails to establish that Global Weather owns the asserted copyright. Though you have conclusorily asserted that "Clement assigned the copyright to the Video to Plaintiff by a written assignment agreement, including the right to bring this lawsuit," that statement does not specify what rights, if any, were actually assigned to Global Weather. There is no one "copyright," but rather a bundle of different rights. *See* 17 U.S.C. § 106. The Amended Complaint appears to implicate only the reproduction right and the public performance right. *See id.* §§ 106(1), (4). But the Amended Complaint does not identify what rights (if any) were assigned to Global Weather by Clement and it does not attach the written assignment from Clement to Global Weather. Rather, it relies only on conclusory allegations that do not provide any specific detail which would be necessary to know if Global Weather was entitled to bring this action.

  Further, after the original complaint was filed, your firm filed a separate lawsuit on behalf of **Mr. Clement**, not Global Weather, asserting that **Mr. Clement** owns the copyrights in this work, not Global Weather. *See Clement v. IHeartMedia Inc.*, Case No. 5:24-cv-00581-OLG (W.D. Tex.), ECF No. 1 (Complaint) ("*Clement*"). In *Clement*, filed on May 29, 2024, you asserted that **Mr. Clement** "owns the rights" in the same Video asserted in this action, registered with the U.S. Copyright Office under registration number P 2-375-324. *See id.* ¶¶ 2, 14-16. That action was filed after the original complaint in this action, and shortly before the Amended Complaint was filed. Your firm's mutually exclusive and inconsistent allegations as to who owns the copyrights in the Video further highlights the need for more than the conclusory allegations stated upon in the Amended Complaint.

McHale & Slavin, P.A.
Letter re: Rule 12(b)(6) Pleading Deficiencies
Sanders Law Group
Page 2 of 3

If Clement—the author of the work and original registrant of the copyright—still owns the specific copyrights in the Video that are at issue in this action, then Global Weather does not have standing to have brought, or to maintain, this action. Unless Global Weather was assigned the *specific* copyrights at issue in this action by written agreement, then Global Weather does not have standing to have brought, or to maintain, this action. The Amended Complaint is not clear about what rights, if any, Global Weather possesses and its claim for standing based on a written assignment are factually contradicted by Clement's individual lawsuit.

Separately, the Amended Complaint does not plausibly allege actionable infringement of the copyright in the Video. The Amended Complaint alleges infringement based on reproduction and public performance of the Video, based only on the presence of the accused video on a Facebook account (the "FB Account"). While the Amended Complaint asserts that the "Infringement is an exact copy of Plaintiff's original image," *see* ECF No. 18, ¶34, that statement is nonsensical. As best as can be understood, the allegation is meant to be that the *accused video* is an exact copy of the asserted Video. *See ibid.* But the Amended Complaint provides a "screengrab" of each, attached as Exhibits 1 and 2 (ECF Nos. 18-1, 18-2), showing that the accused video **is not an exact copy** of the asserted Video. Indeed, other than each being a still image from a video of the same underlying weather event—which is not protectable under the Copyright Act—those images are significantly different from each other in every meaningful way. Further, Exhibit 1 shows that the Video is 3 minutes, 31 seconds in length, while Exhibit 2 shows that the accused video is only 59 seconds in length.

The Amended Complaint fails to establish both necessary elements of a claim for direct copyright infringement. It does not provide a plausible basis to establish *Global Weather's* ownership of the relevant rights in the Video, and it does not provide a plausible basis to establish that the accused video is substantially similar to the Video in its protectable expression. The only allegations in the Amended Complaint to support similarity are specifically negated by a comparison of the two still images in Exhibits 1 and 2. Similarly, the conclusory allegations for ownership are specifically negated by the *Clement* lawsuit your firm filed during the course of this action.

Finally, as was repeatedly stated to you, there is no possible claim for direct infringement against JPM. The fact that you included allegations in the Amended Complaint about JPM engaging in acts you know that it did not do reflects your repeated lack of candor with the Court and ongoing violations of Rule 11.

You must file a second amended complaint to cure these deficiencies, or else we will need to move for this action to be dismissed under the Court's standing order.

### The Amended Compliant Fails to State a Claim for Contributory Copyright Infringement (Count II)

The Amended Complaint also fails to state a plausible claim for contributory infringement. Contributory infringement is "intentionally inducing or encouraging direct infringement." *Geophysical Serv., Inc. v. TGS-NOPEC Geophysical Co.*, 850 F.3d 785, 798 (5th Cir. 2017)

(quoting *Grokster*, 545 U.S. at 930). To establish a claim for contributory infringement, a copyright owner must show that the defendant, with knowledge of the infringing activity, induced, caused or materially contributed to the infringing conduct of another. *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 790 (5th Cir. 1999). The Amended Complaint provides no basis for a claim of contributory infringement. There are no factual allegations of intentional inducement or encouraging. Rather, as you know, the agreement between JPM and M3 shows that the management of the FB Account was conducted by M3, without any "inducement" or "encouragement" by JPM, particularly with respect to the accused video. The conclusory allegations in the Amended Complaint are insufficient to state a claim.

### The Amended Complaint Fails to State a Claim for Vicarious Copyright Infringment (Count III)

The Amended Complaint fails to state a plausible claim for vicarious liability for copyright infringement. To state a claim under a vicarious liability theory for copyright infringement, a plaintiff must show that a defendant has (1) a direct financial interest in the infringing activity, and (2) the right and ability to supervise and the activity that causes the infringement but declines to stop or limit it. *MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005). Here, there was no "direct financial interest in the infringing activity", as required for a claim of vicarious infringement, and no factual allegations of any. Indeed, as you know, the FB Account **was not monetized**, foreclosing any legally cognizable claim of a "direct financial interest" in the allegedly infringing activity. The conclusory allegations in the Amended Complaint are insufficient to state a claim

### The Amended Complaint Does Not Establish Personal Jurisdiction Over M3 in This District or That Venue is Proper Here

Finally, when we move to dismiss, we will address that M3 is not subject to personal jurisdiction in the Western District of Texas and venue is improper as to M3. M3 will be raising these additional arguments.

\* \* \*

In light of the above, please confirm within the next seven (7) days, by filing the Advisory of such intent in accordance with the Court's practices, that you will be correcting the deficiencies by filing a "second" amended complaint, which must then be filed within an additional seven (7) days of the filing of the Advisory.

Sincerely,

McHALE & SLAVIN, P.A.

Andrew D. Lockton