UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**GLOBAL WEATHER PRODUC-
TIONS, LLC,**

   *Plaintiff*,

v.                                                                                    Case No.  SA-23-CV-01350-JKP

**JOE PAGS MEDIA, LLC,
MCLAUGHLIN MEDIA MANAGE-
MENT LLC D/B/A M3 MEDIA MAN-
AGEMENT,**

   *Defendants*.


## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss for Failure to State a Claim. *ECF Nos. 26,28*. Plaintiff responded. *ECF No. 27*. Upon consideration, the Motion is DENIED.

### Factual Background

In the Second Amended Complaint filed on August 5, 2024, Global Weather Productions alleges its founding and managing member and non-party Michael Clement ("Clement") is a professional videographer who specializes in videographing certain weather events. This suit arises from alleged infringement of a video Clement created of a flash-flooding event and rescue that occurred in Downtown Dallas on IH20 in August 2022 ("the Video"). On September 1, 2022, Clement registered the Video with the United States Copyright Office (USCO) in his personal name under Registration No. PA 2-374-324 (the "324 Registration"). Global Weather Productions alleges Clement created the Video with the intention of it being used commercially for news reporting and documentation. Subsequently, on June 4, 2023, Clement assigned all rights,

title and interest in the copyright to the Video to Global Weather Productions by a written assignment agreement, including the right to bring this lawsuit.

Global Weather Productions filed this lawsuit on August 5, 2023, asserting Joe Pags Media, through a contracted media consulting firm, M3 Media, posted approximately fifty-nine (59) seconds of the Video on Joe Pags's Facebook page on August 23, 2022, without obtaining proper licensing or permission for the purpose of obtaining financial gain from use of the Video. Global Weather Productions asserts causes of action of copyright infringement against Joe Pags Media and M3 Media, contributory copyright infringement against Joe Pags Media, and vicarious copyright infringement against Joe Pags Media. Joe Pags Media and M3 Media now file this Motion to Dismiss M3 Media due to lack of personal jurisdiction, Motion to Dismiss Joe Pags Media and M3 Media for lack of jurisdiction based upon Global Weather Productions's lack of standing to bring this suit, and Motion to Dismiss the causes of action against M3 Media and Joe Pags Media pursuant to Federal Rule 12(b)(6) for failure to state a claim.

## I.     Lack of Standing: Federal Rule 12(b)(1)

Joe Pags Media and M3 Media seek to dismiss this case for lack of standing arguing Global Weather Productions does not own the subject copyrighted work. Joe Pags Media and M3 Media contend this is shown by the filing of another case on May 29, 2024, styled *Michael Brandon Clement v. IHeartMedia, Inc.*, Case No. 5:24-cv-00581-OLG. In the *Clement* case, Global Weather Productions's counsel in this case represented Clement, and in the Complaint, asserted Clement "owns the rights and licenses for various uses including online and print publications" for the same Video that is the subject of this suit. Joe Pags Media and M3 Media assert this conflicting claim of ownership defeats Global Weather Productions's standing to pursue a claim for relief in this case.

In response, Global Weather Productions asserts the *Clement* case was voluntarily dismissed, was filed in error, and it provided a copy of a valid copyright assignment agreement prior to the filing of this Motion to Dismiss. Joe Pags Media and M3 Media do not respond to this argument in their Reply brief.

Given the representations of Global Weather Productions and the evidence presented, as well as Joe Pags Media and M3 Media's failure to respond, the Court concludes this argument is moot, and therefore, will not be addressed.

## II.    Personal Jurisdiction Over M3 Media

M3 Media challenges Global Weather Productions's assertion of a copyright infringement cause of action against it because M3 Media is not subject to personal jurisdiction in Texas. In response, Global Weather Productions concedes M3 Media is a nonresident defendant, and this Court does not hold general jurisdiction over M3 Media; however, Global Weather Productions contends M3 Media is subject to specific, personal jurisdiction in this federal court.

### Legal Standard

When a nonresident defendant challenges personal jurisdiction, and the court does not hold an evidentiary hearing, the plaintiff bears the burden of making a prima facie showing that the Court holds personal jurisdiction over the nonresident defendant. Fed.R.Civ.P. 12(b)(2); *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999); *Stuart v. Spademan,* 772 F.2d 1185, 1192 (5th Cir. 1985). The court may determine the jurisdictional issue by review of the active Complaint, receiving affidavits, interrogatories, depositions, oral testimony, or any combination of acceptable evidence. *Stuart*, 772 F.2d at 1192. In making this determination, the court must accept as true all uncontroverted allegations in the Complaint and must resolve all factual disputes in favor of the plaintiff. *Latshaw*, 167 F.3d at 211; *Stripling v. Jordan Prod. Co., LLC,* 234

F.3d 863, 869 (5th Cir. 2000). However, the Court need not accept any conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power,* 253 F.3d 865, 868 (5th Cir. 2001).

When presented with challenges to specific jurisdiction, federal courts sitting in diversity must first determine whether the forum state's long arm statute permits exercise of jurisdiction, and if so, then determine whether such exercise comports with due process. *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010); *Latshaw,* 167 F.3d at 211. Because the Texas long-arm statute confers jurisdiction to the limits of due process, the plaintiff's prima facie burden is to show the nonresident defendant purposefully established minimum contacts with Texas such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)(citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). To comport with this standard, courts conduct a three-step analysis to evaluate the existence of specific jurisdiction: "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; and (2) whether the plaintiff's cause of action arises out of or results from defendant's forum related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). If a plaintiff makes a prima facie showing of the first two elements, the burden then shifts to the defendant to demonstrate that exercising jurisdiction would be so unreasonable that it would violate due process, meaning it would offend traditional notions of fair play and substantial justice. *McFadin*, 587 F.3d at 759; *see also Luv N'care, Ltd. v. Insta–Mix, Inc.,* 438 F.3d 465, 473 (5th Cir. 2006).

Pertinent to the first prong, "[s]pecific jurisdiction exists when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action." *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999). The purposeful requirement "prevents jurisdiction from arising from mere 'random, fortuitous, or attenuated contacts, or from the unilateral activity of another party or a third person.'" *Special Indus. v. Zamil Grp. Holding Co.*, 578 F. App'x 325, 328 (5th Cir. 2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Thus, to prevent the attachment of specific jurisdiction upon attenuated contacts, a plaintiff must show the defendant's "minimum contacts" with the forum state were such that the defendant should reasonably anticipate being haled into court there. *Burger King Corp.*, 471 U.S. at 475; *D.J. Investments v. Metzeler Motorcycle Tire Agent Gregg,* 754 F.2d 542, 545 (5th Cir. 1985). For a court to exercise jurisdiction over a defendant, the relationship between the defendant and forum state "must arise out of contacts that the 'defendant himself' creates with the forum State" and "not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). That is, any attachment of specific jurisdiction must be based on a defendant's own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts [it] makes by interacting with other persons affiliated with the State." *Id.* at 286 (quoting *Burger King*, 471 U.S. at 475); *Willis v. Vericel Corp.*, No. SA-23-CV-00044, 2023 WL 2993027, at *3 (W.D. Tex. Apr. 14, 2023).

Global Weather Productions asserts a single basis for this Court's exercise of specific, personal jurisdiction over M3 Media: a contract for services between M3 Media and The Joe Pags Show (not Defendant Joe Pags Media, LLC). Specific to this case, Global Weather Productions alleges in the Second Amended Complaint that M3 Media committed direct copyright infringement by posting the subject video to "a social media account on Facebook known as @Joe

5

Pags ("FB Account")" which "Defendant Joe Pags [Media] owns and controls."[1] Global Weather Productions contends M3 Media's contractual relationship with The Joe Pags Show is sufficient to establish minimum contacts with Texas such that M3 Media should reasonably anticipate being summoned into a Texas court because Joe Pags Media, LLC is a Texas corporation, and therefore, the subject Facebook account is located in Texas.

To support this argument and in response to the jurisdictional challenge, Global Weather Productions presents no evidence, only argument; however, Joe Pags Media does provide the subject contract ("the Contract") in its Motion to Dismiss. *ECF No. 26-8*. At this stage of litigation in which the Court has not conducted an evidentiary hearing, in the interest of caution, this Court will review the Contract presented by Joe Pags Media because it is the only evidence necessary for determination of M3 Media's challenge to this Court's specific jurisdiction. The Court will also examine the Second Amended Complaint, construing all uncontroverted allegations and resolving all factual disputes in favor of Global Weather Productions. *See Stuart*, 772 F.2d at 1192; *Stripling,* 234 F.3d at 869.

The Contract between non-party The Joe Pags Show and M3 Media shows M3 Media agreed to provide media management services to The Joe Pags Show in the internet and digital realm, only. *ECF No. 26-8. pp. 1-5.* Specifically, M3 Media would develop the website and digital branding for The Joe Pags Show; M3 Media would host the website for The Joe Pags Show on its server platform, but The Joe Pags Show held the license and control over all intellectual property; M3 Media would provide services to maximize advertising monetization on the website; M3 Media would provide "Podcast recording, imaging, editing and production, along with

---

[1] The Court recognizes a discrepancy in the party named as Defendant in this action, Joe Pags Media, LLC, and the party to the contract at issue, The Joe Pags Show. Because the named Defendant, Joe Pags Media, does not contest or address this discrepancy, the Court will continue as if it is a nonissue and because any misnomer might be corrected by amendment.

6

posting to [The Joe Pags Show]'s site and podcast distribution outlets"; M3 Media "did not assume "any claim, license or other control over any of the intellectual property of [The Joe Pags Show] including, but not limited to, the domain name, website, and web content hosted on behalf of those entities", and; "[The Joe Pags Show] personnel will have full access to the website . . . with unlimited rights to post news and opinion to the site as they deem appropriate." *ECF No. 26-8. pp. 4-5*. The Contract does not contain a forum-selection clause or choice of law provision. In the Second Amended Complaint, Global Weather Productions admits "Defendant Joe Pags owns and controls a social media account on Facebook known as@Joe Pags ("FB Account")." *ECF No. 25, p. 1*.

As stated, this Court will hold specific jurisdiction over M3 Media should its actions under the Contract with The Joe Pags Show establish the necessary minimum contacts with Texas, and the cause of action arose from or is directly related to its contacts with Texas. *See Mink*, 190 F.3d at 336. In this regard, this Court has specific jurisdiction if M3 Media committed at least one act in the forum state and if that act is substantially related to this suit. *Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2014). Merely contracting with a resident of Texas is not enough to establish minimum contacts. *Id.* at 312. Moreover, a plaintiff's unilateral activities in Texas do not constitute minimum contacts where the defendant did not perform any of its obligations in Texas, the contract did not require performance in Texas, and the contract is centered outside of Texas. *Hydrokinetics, Inc. v. Alaska Mech., Inc.*, 700 F.2d 1026, 1029 (5th Cir. 1983); *Moncrief Oil*, 481 F.3d at 312. Consequently, to satisfy its prima facie burden, Global Weather Productions must show the Contract established M3 Media would engage in conduct in Texas in furtherance of its obligations such that it should reasonably anticipate being haled into court in Texas. *Burger King,* 471 U.S. at 475; *D.J. Investments,* 754 F.2d at 545.

Nothing in the Contract or in the Second Amended Complaint indicates M3 Media would conduct any services within the state of Texas, or that any employees would travel to Texas to provide services under the Contract. Instead, the services were to be provided by M3 Media in the digital realm, only. Global Weather Productions provides no evidence or argument to indicate otherwise. Global Weather Productions admits M3 Media's principal place of business is in New York. *ECF No. 25*.

With regard to the minimum contact prong of Global Weather Productions's burden, it cannot establish M3 Media's minimum contact with Texas based solely upon attenuated contacts. *See Burger King*, 471 U.S. at 475. Further, the fact that M3 Media merely contracted with a Texas resident, be it The Joe Pags Show or Joe Pags Media, is not sufficient to establish minimum contacts. *See McFadin*, 587 F.3d at 760 (quoting *Moncrief Oil Int'l,* 481 F.3d at 311, 313); *see also Latshaw*, 167 F.3d at 211 (5th Cir. 1999); *Hydrokinetics*, 700 F.2d at 1029. Consequently, Global Weather Productions's argument that the Contract between The Joe Pags Show and M3 Media is sufficient to establish specific jurisdiction over M3 Media must fail. Without more, the mere act of entering the Contract with a Texas corporation cannot serve as basis for specific jurisdiction. *See McFadin*, 587 F.3d at 760.

Although the Court's inquiry may end with Global Weather Productions's inability to make a prima facie showing to satisfy the first prong of its burden, the Court will discuss the second prong in the interest of caution. With regard to the second prong, Global Weather Productions must make a prima facie showing that the direct copyright infringement cause of action arose out of or results from M3 Media's alleged forum-related contact. *Mink,* 190 F.3d at 336; *McFadin*, 587 F.3d at 759. As discussed, Global Weather Productions alleges M3 Media's only forum-related contact is the Contract with The Joe Pags Show.

Based upon Global Weather Productions's admissions and the specific cause of action asserted against M3 Media, the direct copyright infringement cannot arise out of the Contract. The Contract is between The Joe Pags Show and M3 Media. Thus, any copyright infringement Global Weather Productions alleges M3 Media committed does not arise out of the Contract. While M3 Media might have been performing contracted services to The Joe Pags Show, the copyright infringement cause of action did not arise out of the Contract, itself, because Global Weather Productions was not a party to the Contract and M3 Media did not "own, control, or possess" any content on the subject Facebook Account associated with Joe Pags pursuant to the terms of the Contract. Global Weather Productions admits and the Contract specifically states only The Joe Pags Show maintains control and ownership of any intellectual property and only The Joe Pags Show "owns and controls a social media account on Facebook known as@Joe Pags ("FB Account")." M3 Media does not hold any rights, licenses, or control of content under the subject Contract. Accordingly, the direct copyright infringement cause of action cannot arise out of the Contract between M3 Media and The Joe Pags Show.

To merit jurisdictional discovery and an evidentiary hearing, Global Weather Productions must show it is "likely to produce the facts needed to withstand" dismissal and must make clear which "specific facts" it expects discovery to disclose. *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 326 (5th Cir. 2021); *Bell Helicopter Textron, Inc. v. Am. Eurocopter, LLC*, 729 F. Supp. 2d 789, 797 (N.D. Tex. 2010). Global Weather Productions does not make this required showing. Consequently, the Court will not suspend a ruling on the jurisdictional challenge to allow discovery or to conduct an evidentiary hearing.

For these reasons, Global Weather Productions cannot satisfy its burden to make a prima facie showing that M3 Media had sufficient minimum contact in Texas, and the cause of action

arose from this contact with Texas. Consequently, even if discovery were allowed, this Court cannot exercise specific, personal jurisdiction over M3 Media. Therefore, Joe Pags Media and M3 Media's Motion to Dismiss M3 Media as a Defendant shall be granted.

### III. Failure to State a Claim: Federal Rule 12(b)(6)

#### Legal Standard

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555-558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a Complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.*, 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could

prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996).

In assessing a Motion to Dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss, which are also referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones*, 188 F.3d at 324).

A Complaint should only be dismissed under Federal Rule 12(b)(6) after affording every opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena,* 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley,* 405 F.2d 496, 496-97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt,* 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff alleged his best case or amendment would be futile. *Foman,* 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

## Discussion

### I.  Direct Copyright Infringement Against Joe Pags Media

#### A.  Failure to Allege Registration and Copying of Video

Joe Pags Media contends all causes of action asserted against it should be dismissed for failure to state a claim because Global Weather Productions failed to allege the video which is

11

the subject of this action ("the Video") was registered with the Copyright Office. Instead, Joe Pags Media argues Global Weather Productions registered a different video than the one that is the subject of this suit.

This argument must fail, as it is not proper subject of a Federal Rule 12(b)(6) motion. In making these arguments, Joe Pags Media goes beyond the scope of this Court's focus at this preliminary stage of litigation; instead, arguing the substantive merits of its position. Assessment of Global Weather Productions's cause of action at this stage focuses not on whether it will ultimately prevail, but whether it is entitled to offer evidence to support the copyright infringement cause of action. *See Iqbal*, 556 U.S. at 678; *Muhammad v. Dall. Cty. Cmty. Supervision & Corr. Dep't*, 479 F.3d 377, 379 (5th Cir. 2007).

Clearly, Global Weather Productions alleged the Video, which is the subject of this action, was registered with the Copyright Office and Joe Pags Media copied the Video. These allegations are sufficient to inform Joe Pags Media of the basis of the cause of action and the grounds upon which it rests. Whether the video posted on Joe Pags Media's Facebook Account was different than the Video developed and registered by Global Weather Productions pertains to the substantive merits of the cause of action and whether Global Weather Productions will be able to prove its claims. At this stage of litigation, this argument must fail.

### B.   Alleged Infringing Act Was Committed by M3 Media

Joe Pags Media contends the copyright infringement cause of action asserted against it should be dismissed because the alleged infringing acts were committed by M3 Media, not Joe Pags Media. Joe Pags Media argues it contracted with M3 Media to provide web services and the Contract specifies M3 Media "would provide 'Social Media Oversight and Posting,' and the Facebook Account reflects the "'Page can have multiple admins,'" and "'[t]hey may have permis-

sion to post content, comment or send messages as the Page'" Therefore, Joe Pags Media contends M3 Media is the responsible party for posting the Video to the subject Facebook Account. Based on this evidence, Joe Pags Media contends the copyright infringement cause of action asserted against it should be dismissed for failure to state a claim.

This argument must fail, as it is not proper subject of a Federal Rule 12(b)(6) motion. In making these arguments, Joe Pags Media goes beyond the scope of this Court's focus at this preliminary stage of litigation; instead, arguing the substantive merits of its position. Assessment of Global Weather Productions's cause of action at this stage focuses not on whether it will ultimately prevail, but whether it is entitled to offer evidence to support the copyright infringement cause of action. *See Iqbal*, 556 U.S. at 678; *Muhammad*, 479 F.3d at 379.

Clearly, Joe Pags Media is aware of the basis of the copyright infringement cause of action and the grounds upon which it rests. The issues whether Joe Pags Media may be held responsible for the posting of the Video to its Facebook Account and whether the Video infringes upon the subject copyright pertains to the substantive merits of the cause of action and whether Global Weather Productions will be able to prove its claims. At this stage of litigation, this argument must fail.

## II. Contributory Copyright Infringement

Joe Pags Media contends the cause of action for contributory copyright infringement asserted against it should be dismissed for failure to state a claim because Global Weather Productions failed to allege it

> 'intentionally induc[ed] or encourage[ed] direct infringement' by M3. . . Instead, [Global Weather Productions] speculates 'upon information and belief' that [Joe Pags Media] 'caused, enabled, facilitated and materially contributed' to M3's act 'by providing the tools and instructions for' using the FB Account . . . or that [Joe Pags Media] entered into the contract with M3 which 'enabled M3 Media to participate in or cause' the accused 0:59 video to be posted, . . . or that Joe Pags Me-

13

> dia 'had actual and/or constructive knowledge' of M3's conduct 'and induced, caused and/or materially contributed to that conduct by failing to ensure that M3 media had the proper licenses to publish" material on the FB Account. . . . This is not 'intentionally inducing or encouraging' but passive conduct by [Joe Pags Media] which allowed M3 to engage in the act of alleged infringement, which is insufficient to allege contributory infringement.

*ECF No. 26, pp. 13-14*. With these deficiencies, Joe Pags Media contends Global Weather Productions alleges only unactionable passive conduct and does not allege any conduct upon which Joe Pags Media could have committed contributory copyright infringement.

This argument must fail, as it is not proper subject of a Federal Rule 12(b)(6) motion. In making these arguments, Joe Pags Media goes beyond the scope of this Court's focus at this preliminary stage of litigation; instead, arguing the substantive merits of its position. Assessment of Global Weather Productions's cause of action at this stage focuses not on whether it will ultimately prevail, but whether it is entitled to offer evidence to support the copyright infringement cause of action. *See Iqbal*, 556 U.S. at 678; *Muhammad*, 479 F.3d at 379. Joe Pags Media attempts to argue that Global Weather Productions's use of the phrase "upon information and belief" in its factual allegations shows it is unable to prove this cause of action. This argument must fail because Global Weather Productions must be allowed the opportunity to conduct discovery to support any properly plead cause of action, and does not need to provide proof of the cause of action at this stage of litigation.

Clearly, Joe Pags Media is aware of the basis of the contributory copyright infringement cause of action and the grounds upon which it rests. At this stage of litigation, these arguments must fail.

### III. Vicarious Copyright Infringement

Joe Pags Media contends it is entitled to dismissal of the cause of action of vicarious copyright infringement because Global Weather Productions fails to allege it held a direct finan-

14

cial interest in the alleged infringing activity, and it fails to allege Joe Pags Media had the right and ability to control the alleged infringing activity. Joe Pags Media contends Global Weather Productions asserts only conclusory allegations of the elements of the cause of action demonstrated by its use of the phrase "upon information and belief." Joe Pags Media goes on to assert argument which pertains to Global Weather Productions's inability to prove the cause of action.

The elements of a cause of action for vicarious infringement are: (1) the defendant has a direct financial interest in the infringing activity, and (2) the defendant holds the right and ability to supervise the activity that causes the infringement, but declines to stop or limit it. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005). Intent or knowledge of the alleged infringing activity is not an element of this cause of action. *Id*. at n.9; *UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC*, No. A-17-CA-365, 2018 WL 1096871, at *9 (W.D. Tex. Feb. 28, 2018), adopted, 2018 WL 2182282 (W.D. Tex. Mar. 26, 2018).

In support of the vicarious copyright infringement cause of action against Joe Pags Media, Global Weather Productions alleges Joe Pags Media "had the right and ability to supervise and/or control the infringing conduct of its employees, agents, affiliates, vendors and/or members, and declined to exercise the right and ability to supervise or control that infringing conduct, despite its legal right to stop or limit the directly infringing conduct as well as the practicable ability to do so;" and Joe Pags Media "enjoyed a direct financial benefit from the Infringement from, inter alia, advertising revenue from the increased traffic to its FB Account and from increase in fees paid by advertisers and sponsors." *ECF No. 25, pars. 73,75*. These allegations are sufficient to state a plausible cause of action of vicarious copyright infringement at the motion to dismiss stage. *See Stross v. PR Advisors, LLC*, No. 3:19-CV-1086, 2019 WL 5697225, at *2-3 (N.D. Tex. Oct. 31, 2019).

Joe Pags Media asserts other arguments in support of dismissal pursuant to Federal Rule 12(b)(6), namely: (1) "there are no factually plausible allegations of a 'direct financial interest' in the posting of [the Video] on the FB Account" because the account "is not monetized and does not run advertisements;" and (2) Joe Pags Media did not have the right and ability to supervise M3 Media's acts with respect to the Facebook Account, and the terms of the Contract defeat this element. In making these arguments, Joe Pags Media goes beyond the scope of this Court's focus at this preliminary stage of litigation; instead, arguing the substantive merits of its position. Assessment of Global Weather Productions's cause of action at this stage focuses not on whether it will ultimately prevail, but whether it is entitled to offer evidence to support the copyright infringement cause of action. *See Iqbal*, 556 U.S. at 678; *Muhammad*, 479 F.3d at 379.

Finally, Global Weather Productions's use of the phrase "upon information and belief" does not amount to an admission it cannot prove the cause of action. Global Weather Productions must be allowed the opportunity to conduct discovery to support any properly plead cause of action and does not need to provide proof of the cause of action at this stage of litigation.

Clearly, Joe Pags Media is aware of the basis of the copyright infringement cause of action and the grounds upon which it rests. At this stage of litigation, these arguments focused on the substantive merit of the vicarious copyright infringement cause of action must fail.

## Conclusion

For the reasons stated, Joe Pags Media and M3 Media's Motion to Dismiss is GRANTED IN PART and DENIED IN PART. *ECF No. 26*.

M3 Media's Motion to Dismiss for lack of personal jurisdiction is GRANTED. The Clerk of Court is DIRECTED to terminate Defendant M3 Media as a party to this litigation.

Joe Pags Media's Motions to Dismiss for lack of jurisdiction and for failure to state a claim are DENIED.

It is so ORDERED.
SIGNED this 20th day of November, 2024.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE