IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GLOBAL WEATHER PRODUCTIONS, LLC, *Plaintiff,* | § | SA-23-CV-01350-MA |
| vs. | § | |
| JOE PAGS MEDIA, LLC, *Defendant.* | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Micaela Alvarez:**

This Report and Recommendation concerns Defendant Joe Pags Media's Motion to Dismiss for Lack of Standing [#74]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#49]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendant Joe Pags Media's Motion to Dismiss for Lack of Standing [#74] be **DENIED**.

## I. Background

This case arises from the alleged unauthorized posting of a video owned by Plaintiff Global Weather Productions, LLC ("Global Weather") on talk show host Joe Pags's Facebook page. Michael Clement, the founding and managing member of Global Weather and a non-party to this suit, is a professional videographer who specializes in videographing weather events. The video posted on Joe Pags's Facebook page was a segment of a video that Clement created of a

flash-flooding event and rescue that occurred in Downtown Dallas on IH-20 in August 2022 ("the Video").

The live pleading is the Second Amended Complaint [#25]. In the Second Amended Complaint, Global Weather alleges direct copyright infringement by Defendants Joe Pags Media and M3 Media, a media consulting firm that Joe Pags Media hired to manage the Joe Pags Facebook page. The district judge who was previously presiding over this case,[1] U.S. District Judge Jason Pulliam, has already dismissed M3 Media from the lawsuit for lack of personal jurisdiction, leaving Joe Pags Media as the sole remaining defendant. (*See* Order on Mtn. to Dismiss [#29], at 16.) In the Second Amended Complaint, Global Weather also alleges vicarious copyright infringement by Joe Pags Media.[2] Global Weather seeks statutory damages, injunctive relief, and the award of attorney's fees pursuant to 17 U.S.C. § 501, *et. seq*.

This is not the first motion to dismiss filed by Joe Pags Media. In August 2024, Joe Pags Media and M3 Media filed a motion to dismiss Global Weather's Second Amended Complaint for lack of personal jurisdiction over M3 Media, for lack of standing to bring this suit, and for failure to state a claim [#26]. Judge Pulliam granted the motion to dismiss M3 Media for lack of personal jurisdiction, as noted above. (*See* Order on Mtn. to Dismiss [#29], at 16.) Judge Pulliam construed as moot the motion to dismiss for lack of jurisdiction based on lack of standing and accordingly denied the motion. (*Id*. at 3, 16-17.) Joe Pags Media now challenges Global Weather's standing again by way of the motion currently before the Court. Finally, Judge Pulliam denied the previous motion to dismiss for failure to state a claim. (*Id*. at 17.)

[1] This case was originally assigned to Judge Pulliam but was subsequently transferred to U.S. District Judge Micaela Alvarez. *See* Transfer Order [#48].

[2] Global Weather's live pleading includes a contributory copyright infringement in Count II of the Second Amended Complaint, but Global Weather has since withdrawn this claim for relief. (Joint Discovery/Case Management Plan [#32] at 1; Mot. Summ. J. [#58] at 22 n.10.)

The parties' deadline to file dispositive motions expired on January 22, 2026. (December 15, 2025 Text Order.) Joe Pags Media timely filed a motion for summary judgment [#57], and Global Weather timely filed a cross-motion for summary judgment [#58]. Those motions are the subject of another Report and Recommendation, which is entered separately but on the same day as this one.

Despite the expiration of the dispositive motions deadline in January, in March 2026, Joe Pags Media filed another motion to dismiss Global Weather's Second Amended Complaint pursuant to Rules 12(b)(1) and 12(c) [#74], which is the subject of this Report and Recommendation. First, Joe Pags Media renews the argument raised in the previous motion to dismiss that the Court should dismiss the case under Rule 12(b)(1) for lack of jurisdiction because Global Weather lacks standing to allege infringement given that Clement, not Global Weather, owns the copyrights in the Video. Second, Joe Pags Media alternatively argues that the vicarious copyright infringement claim should be dismissed under Rule 12(c) for failure to set forth a cognizable cause of action. Global Weather has responded [#76], and Joe Pags Media has replied [#78]. The motion is ripe for the Court's review.

## II. Untimely Rule 12(c) Motion

Joe Pags Media's request for relief under Rule 12(c) should be denied because the motion is untimely. In the motion before the Court, Joe Pags Media argues for dismissal of Global Weather's claim for vicarious infringement under Rule 12(c), asserting that the Third Count of the Second Amended Complaint does not set forth an independent cause of action.[3] The

[3] This argument was raised in Joe Pags Media's earlier motion to dismiss and was rejected by Judge Pulliam, who concluded that Global Weather's allegations in the Second Amended Complaint are sufficient to state a plausible cause of vicarious copyright infringement. (*See* Order on Mtn. to Dismiss [#29], at 14-15 (citing *Stross v. PR Advisors, LLC*, No. 3:19-CV-1086, 2019 WL 56972225, at *2-3 (N.D. Tex. Oct. 31, 2019)).)

deadline to file dispositive motions expired on January 22, 2026. Thus, this motion should be denied as untimely.

Federal Rule of Civil Procedure 16(b) requires the court to enter a scheduling order that limits the time parties may file motions. After the scheduling order has been issued, it may be modified only by leave of court upon a showing of good cause. Fed. R. Civ. P. 16(b). In apparent conflict with Rule 16(b), Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Addressing this conflict, the Fifth Circuit has turned to a sister circuit's reasoning and concluded that "a Rule 12(c) motion may be brought after the dispositive motions deadline if the moving party complies with the requirements of Rule 16(b) and if it will not delay trial." *Argo v. Woods*, 399 F. App'x 1, 3 (5th Cir. 2010) (per curiam) (quoting *Riggins v. Walter*, 279 F.3d 422, 427-28 (7th Cir. 1995)). "To show good cause [under Rule 16(b)], the party seeking to modify the scheduling order has the burden of showing 'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2012) (per curiam)).

Here, the parties' deadline to file dispositive motions was extended to January 22, 2026. (*See* December 15, 2025 Text Order.) Joe Pags Media filed the present motion to dismiss on March 17, 2026, without requesting leave to amend the scheduling order deadline. Even if the District Court were to construe Joe Pags Media's Rule 12(c) motion as a request for leave to amend the scheduling order, Joe Pags Media fails to provide any explanation how it meets Rule 16's "good cause" requirement. The motion should therefore be denied. *See Argo*, 399 F.

App'x at 3 (affirming district court's exercise of discretion to deny 12(c) motion where movant failed to offer any reason why he could not have filed the motion before the deadline).

## III. Motion to Dismiss for Lack of Standing

In the motion before the Court, Joe Pags Media moves under Rule 12(b)(1) for dismissal of this case for lack of subject matter jurisdiction arguing Global Weather lacks standing. Although this dispositive motion is also untimely, the undersigned will address the merits of this argument because it concerns the Court's subject matter jurisdiction. *See* Fed R. Civ. P. 12(h)(3) ("If the court determines at any time it lacks subject matter jurisdiction, the court must dismiss the action."); *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1999) (holding that a party cannot waive the defense of lack of subject matter jurisdiction). Contrary to Joe Pags Media's assertions, the record establishes Global Weather's standing and this Court's subject matter jurisdiction, so the motion to dismiss for lack of subject-matter jurisdiction should be denied.

### A. Legal Standard for 12(b)(1) Motion

Motions filed under Rule 12(b)(1) allow a party to challenge the subject-matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). To survive a Rule 12(b)(1) motion to dismiss, a plaintiff must establish this Court's jurisdiction through sufficient allegations. *See Lujan v. Def. of Wildlife*, 504 U.S. 555, 561 (1992). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). "A court may base its disposition of a motion to dismiss for lack of subject matter jurisdiction on (1) the complaint alone; (2) the complaint supplemented by undisputed

facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004) (quoting *Robinson v. TCI/US W. Commc'ns Inc.*, 117 F.3d 900, 904 (5th Cir. 1997)). Accordingly, in evaluating whether this Court has subject matter jurisdiction, the Court may consider evidence outside the pleadings to ascertain jurisdictional facts. *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981) ("A factual attack on the subject matter jurisdiction of the court, however, challenges the facts on which jurisdiction depends and matters outside of the pleadings, such as affidavits and testimony, are considered.")

Absent standing, a federal court does not have subject-matter jurisdiction to address a plaintiff's claims. *Cobb v. Cent. States*, 461 F.3d 632, 635 (5th Cir. 2006). The doctrine of standing addresses the question of who may properly bring suit in federal court and "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan*, 504 U.S. at 560.

**B. Allegations in Plaintiff's Second Amended Complaint**

In its Second Amended Complaint, the gravamen of Global Weather's claim against Joe Pags Media is that it posted a copyrighted video that Global Weather owns without permission. Specifically, Global Weather alleges that Clement recorded a flash flooding event in Dallas and then published the Video via YouTube on August 22, 2022. (Sec. Am. Compl. [#25], at ¶ 16.) On September 1, 2022, Clement registered the Video with the United States Copyright Office under Registration No. PA 2-374-324. (*Id.* at ¶ 18.) On June 4, 2023, Clement and Global Weather executed a written agreement that assigned all rights, titles, and interests in the copyright to the Video to Global Weather. (*Id.* at ¶ 20.) Among the rights assigned to Global Weather by the agreement is the right to bring this suit. (*Id.*) According to its pleadings, Global

Weather obtained the copyright in the Video "with the intention of it being used commercially" and for news reporting and documentation. (*Id.* at ¶ 19.)

On or about August 23, 2022, a 59-second segment of the Video was displayed on Joe Pags Media's Facebook account. (*Id.* at ¶ 27.) Global Weather alleges that Joe Pags Media "had the right and ability to supervise and/or control the infringing conduct of its employees, agents, affiliates, vendors and/or members, and declined to exercise the right and ability to supervise or control that infringing conduct, despite its legal right to stop or limit the directly infringing conduct as well as the practicable ability to do so." (*Id.* at ¶ 73.) Global Weather further alleges that Joe Pags Media "enjoyed a direct financial benefit from the Infringement from, inter alia, advertising revenue from the increased traffic to its FB Account and from increase in fees paid by advertisers and sponsors." (*Id.* at ¶ 75.)

**C. Analysis of Global Weather's Standing**

Joe Pags Media moves to dismiss this case for lack of subject matter jurisdiction, arguing that Global Weather does not own the copyright in the Video and thus lacks standing to bring its direct or vicarious copyright infringement claims. Specifically, Joe Pags Media argues Global Weather does not own the copyright to the Video because (1) the agreement between Clement and Global Weather did not transfer copyright in the Video, and (2) Clement has filed other lawsuits asserting copyright infringement based on purported ownership of his own works. In response and in addition to its pleadings regarding its ownership of the copyright in the Video, Global Weather has produced the written agreement assigning Clement's ownership interest in the Video to Global Weather.

The Copyright Act provides a cause of action for infringement to the "legal or beneficial owner" of a copyright. *Beatriz Ball, L.L.C. v. Barbagallo Co., L.L.C.*, 40 F.4th 308, 315 (5th Cir. 2022) (per curiam) (quoting 17 U.S.C. § 501(b)). Under Section 204(a) of the Copyright

Act, a "transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." 17 U.S.C. § 204(a). Although the writing need not include any particular language or "magic words," it must show an agreement to transfer copyright. *Lyrick Studios, Inc. v. Big Idea Prods., Inc.*, 420 F.3d 388, 392 (5th Cir. 2005) (citing *Radio Television Espanola S.A. v. New World Ent., Ltd.*, 183 F.3d 922, 927 (9th Cir. 1999)).

The agreement executed between Clement ("Photographer") and Global Weather ("LLC"), attached to Joe Pags Media's Motion to Dismiss [#74-1], exhibits such an agreement to transfer copyright by its plain language. As provided by its terms, New York law governs this Court's construction of the agreement. (Copyright Assignment [#74-1], at ¶ 4.) Under New York law, "[w]hen parties set down their agreement in a clear and complete manner, it should be enforced according to its terms." *Serna v. Pergament Distribs., Inc.*, 582 N.Y.S.2d 550 (1992). Whether an agreement is ambiguous is a matter of law to be resolved by the court. *Id.* The unambiguous terms of the agreement include:

> **1. Assignment:** For good and valuable consideration which is hereby acknowledged, Photographer hereby irrevocably ***transfers and assigns to LLC***, in perpetuity and throughout the world, ***all of Photographer's rights, titles and interests to all intellectual property***, for use (in whole, in part, or as modified or changed) in any and all media, now known or hereafter created by Photographer during the term of this Agreement, all ***together with all causes of action accruing or occurring before or during the term of this Agreement***, including the right to receive and retain any proceeds related thereto. LLC shall have the right to register the copyright of any work assigned hereunder in its own name and shall have the exclusive right to dispose of the copyright in any way that LLC sees fit. The assignment of all rights in all of the Photographer's works shall take effect upon execution of this Agreement. . .Such assignment shall continue until this Agreement is terminated by Photographer in writing. Photographer hereby agrees to execute all papers and perform such other proper acts as LLC may deem necessary to secure for LLC the rights herein assigned. . .

> **3. Warranties and Representations:** Photographer warrants and represents that:
>
> A. Photographer is the sole and exclusive owner of the rights herein granted throughout the world and that no work being assigned has in any way been encumbered, conveyed, granted or otherwise disposed of and the same are free of any liens or claims whatsoever and that there are no claims or litigation pending, outstanding, or threatened which might in any way prejudice, interrupt or interfere with LLC's use of the Project;
>
> B. Photographer have the full right and authority to enter into this Agreement and to grant LLC the rights granted to it herein; and
>
> C. Photographer's works are wholly original to Photographer and no use by LLC of the works will violate or infringe upon any copyright belonging to any person, firm or corporation nor will it constitute a defamation or an invasion of privacy or any other right(s) of any person, firm or corporation.
>
> D. Photographer hereby release LLC, its officers, employees, agents, licensees, successors and assigns, from any and all liability for damages for libel, slander, invasion of privacy, copyright infringement or any other claims arising from the use of Photographer's works. . .
>
> **5. Complete Agreement:** This Agreement contains the entire understanding between the parties and may not be altered or modified except in writing signed by them.

(Copyright Assignment [#74-1] (emphasis added).) The agreement unambiguously conveys Global Weather the "right to register the copyright of any work assigned hereunder in its own name," conveys all causes of action, and establishes that it "shall have the exclusive right to dispose of the copyright in any way that LLC sees fit." (*Id.*) The document therefore shows an agreement to transfer copyright and the right to sue for infringement of the copyright. *Lyrick Studios,* 420 F.3d at 392.

Global Weather's pleadings and the assignment agreement it entered with Clement are sufficient to demonstrate Global Weather owns the copyright at issue and therefore has standing to sue. Joe Pags Media does not present any evidence or authority that compels a different conclusion. Joe Pags Media points to evidence of pending cases in other district courts—and one case previously filed in the Western District of Texas—where Clement personally, rather than

Global Weather, sued for copyright infringement. Joe Pags Media also points to evidence of pending cases in other district courts where one of Clement's *other* companies sued for infringements of works produced by Clement. According to Joe Pags Media, the filing of these cases demonstrates that Clement retained copyright in his works. Such extrinsic evidence however, is generally inadmissible to add to or alter the terms of an agreement. *Serna*, 582 N.Y.S.2d at 550. Perhaps Clement's standing to assert copyright infringement should have been challenged in those cases, or perhaps circumstances may have been present that rendered Clement the proper plaintiff in those cases for reasons not applicable here. Regardless, Joe Pags Media cannot rely on the fact alone that Clement himself filed those lawsuits to alter the meaning of otherwise unambiguous terms between Clement and Global Weather assigning "rights, titles and interests to all intellectual property, for use (in whole, in part, or as modified or changed) in any and all media" and "the exclusive right to dispose of the copyright in any way that LLC sees fit." (Copyright Assignment [#74-1], at ¶ 1.)

In sum, the record contains the agreement that assigned copyright in the Video to Global Weather and thus conferred standing to assert infringement claims pursuant to the Copyright Act. *Barbagallo*, 40 F.4th at 315. Thus, Joe Pags Media's motion to dismiss for lack of subject matter jurisdiction should be denied.

## VI. Conclusion and Recommendation

Having considered Defendant Joe Pags Media's motion, the response and replies thereto, the pleadings, and the governing law, the undersigned recommends that Defendant's Motion to Dismiss for Lack of Standing [#74] be **DENIED.**

## VII. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this Report and Recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this deadline is modified by the Court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections, responses, and replies must comply with the same page limits as other filings, unless otherwise excused by the presiding District Judge's standing orders or other Court order. *See* W.D. Tex. Local Rule CV-7. The objecting party shall file the objections with the Clerk of the Court and serve the objections on all other parties.

A party is entitled to a *de novo* review by the District Judge of the findings and conclusions contained in this Report and Recommendation, only if specific objections are made. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the default time to file objections from 10 to 14 days). An objecting party must therefore specifically identify those findings, conclusions, or recommendations to which objections are made, as well as the basis for all such objections; the District Judge need not consider frivolous, conclusory, or general objections. *Id*. Failure to timely file written, specific objections to any proposed findings, conclusions, or recommendations contained in this Report and Recommendation will bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the District Judge, except on grounds of plain error, given that the party is here provided notice that such consequences will result from a failure to object. *See* 28 U.S.C. § 636(b)(1)(C);

*Douglass*, 79 F.3d at 1417. Finally, facts or legal arguments raised for the first time in objections to a Magistrate Judge's findings, conclusions, and recommendations are "not properly before the district court." *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *see also Shambaugh & Son, L.P. v. Steadfast Ins. Co*., 91 F.4th 364, 369 (5th Cir. 2024) ("[The Fifth Circuit] considers arguments forfeited if they are not raised before a magistrate judge, even if they are subsequently raised before the reviewing district [judge] in objections to the magistrate judge's report and recommendation.").

SIGNED this 4th day of September, 2026.



ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE